RONEY, Circuit Judge,
dissenting:
I respectfully dissent. I would affirm the district court on the ground that the release amendment violates the anticut-back provision of the severance plan because it reduces the value of severance benefits after they have already accrued. The plan’s anticutback provision reads, “[n]o amendment will eliminate or reduce any Employee’s right to Severance Benefits accrued before the effective date of the amendment.” The argument that the release provision does not reduce the accrued benefits to which Loskill would be entitled because it “merely affects an employee’s entitlement to those benefits” simply misinterprets the language and the intent of the provision. The anticutback provision must be interpreted to mean the right to “full” accrued severance benefits.
If an employee must give up something of value to get the benefits otherwise accrued, that effectively reduces the benefits. The right to sue for employment discrimination carries economic value. The release amendment forces Loskill to forfeit that right and value to Barnett. This reduces the net value to Loskill of the severance benefits to be paid to him. Thus, the amendment requires Loskill to sign a release that “cuts-back” the value of his severance benefit by the value of his employment discrimination claim. This is precisely the type of amendment the anti-cutback provision is intended to prevent.
Reliance upon Lockheed Corp. v. Spink, 517 U.S. 882, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996) to hold that this is a mere *740 “condition precedent” to the receipt of those benefits is simply misplaced. Lockheed addressed a release provision that affected prospective benefits, not accrued benefits. The Supreme Court there held that requiring execution of a release was a permissible condition precedent to the receipt of increased benefits. The condition was required to be met for additional benefits to accrue. The release amendment in this case affects benefits that have already accrued. Any condition placed upon the receipt of benefits after they have already accrued is a “condition subsequent,” not a “condition precedent.” If that condition requires the employee to give up something of value, it surely violates the anticutback provision. If Barnett had amended its plan to cease further benefit accruals unless and until a release provision was executed, Lockheed would apply. But that is not the case here.
By forcing Loskill to exchange something of value for his already accrued benefits, Barnett has “cutback” his accrued benefits in a way that is not permissible under the clear terms of the plan.
I would affirm the judgment for Loskill.
Since the Court has decided to the contrary, it then applied the tests of bad faith, active concealment, and detrimental reliance to determine the validity of the amendment which was adopted in violation of the amendment procedures required by the plan. These tests were heretofore established in cases where the plan had no provisions for amendment. See Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm., 40 F.3d 1202, 1211-12 (11th Cir.1994); Murphy v. Keystone Steel & Wire Co., 61 F.3d 560 (7th Cir.1995).
Having decided that the amendment here violates the anticutback provision of the plan, I need not decide whether such tests should apply to plans which provide procedures for amendment such as this one, or whether the mere violation of amendment procedures required by the plan makes the amendment invalid without more. See Albedyll v. Wis. Porcelain Co. Revised Ret. Plan, 947 F.2d 246 (7th Cir.1991) (amendment that is not passed in accordance with the plan’s amendment procedures is invalid); Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 57-8 (4th Cir.1992) (ERISA § 402(b)(3) requires that any plan modification must be implemented in conformity with the amendment procedures or it is of no effect); Nachwalter v. Christie, 805 F.2d 956 (11th Cir.1986) (a written plan may not be amended orally); see also Curtiss-Wright v. Schoonejongen, 514 U.S. 73, 85, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995) (“whatever level of specificity a company ultimately chooses, in an amendment procedure or elsewhere, it is bound to that level.”); Inter-Modal Rail Employees Ass’n v. Atchison, Topeka and Santa Fe Ry. Co., 520 U.S. 510, 515-16, 117 S.Ct. 1513, 137 L.Ed.2d 763 (1997) (an “employer may, of course, retain the unfettered right to alter its promises, but to do so it must follow the formal procedures set forth in the plan.”).
As far as we have been able to determine, this is the first circuit court case that has held that an amendment adopted in violation of the procedures set forth in a plan is invalid only upon a further showing of bad faith, active concealment, or detrimental reliance. But see Alford v. Kimberly-Clark Tissue Co., 14 F.Supp.2d 1290, 1299 (S.D.Ala.1998) and Whitfield v. Torch Operating Co., 935 F.Supp. 822, 831 (E.D.La.1996).